Justice Stevens,
dissenting.
When faced with an application of this kind, we are required to engage in the speculative task of balancing the “stay equities,” INS v. Legalization Assistance Project of Los Angeles County Federation of Labor, 510 U. S. 1301, 1304 (1993) (O’Connor, J., in chambers); see also Weinberger v. Romero-Barcelo, 456 U. S. 305, 322 (1982) (Stevens, J., dissenting) (“Unless Congress specifically commands a particular form of relief, the question of remedy remains subject to a court’s equitable discretion”). Because the applicant in this case has failed to demonstrate that the denial of necessary medicine to seriously ill and dying patients will advance the public interest or that the failure to enjoin the distribution of such medicine will impair the orderly enforcement of federal criminal statutes, whereas respondents have demonstrated that the entry of a stay will cause them irreparable harm, I am persuaded that a fair assessment of that balance favors a denial of the extraordinary relief that the Government seeks. I respectfully dissent.